UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JACK FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.    3:06-cv-1058 |
| ) | |
| CSX TRANSPORTATION, INC. ) | |
| ) | |
| Serve at:  CT Corporation ) | |
|   208 S. LaSalle Street, Ste. 814 ) | |
|   Chicago, IL 60604-1101 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### Count I

### Neck and Back Injuries

COMES NOW Plaintiff, Jack Franklin, by and through his attorney, Daniel R. Francis of the Francis Law Firm, L.L.C., and for his cause of action against Defendant, CSX Transportation, Inc., a corporation, states:

1. That the Defendant, CSX Transportation, Inc. (hereinafter "CSX"), a corporation, is a railroad corporation doing business in the Madison County, Illinois. CSX is the former employer of Plaintiff. Venue is proper pursuant to 45 U.S.C. §51.

2. That the Plaintiff, John Franklin, an Illinois resident, at all times mentioned herein, was an employee of Defendant CSX in numerous states, including Illinois, and was working as an Trackman performing work in connection with railroad tracts and structures of the Defendant utilized by it in interstate commerce of the United States, including routine work in St. Clair and Madison County, Illinois.

3. That at all times mentioned herein, Plaintiff, Jack Franklin, and Defendant, CSX, were then and there employed and engaged in interstate commerce and by reason thereof, their

mutual and respective rights and liabilities were governed by a certain Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C., Section 51, et seq.

4. That throughout the time Plaintiff, Jack Franklin, was employed by the Defendant, CSX, Plaintiff was required as a Maintenance of Way employee, whose responsibilities include working on the tracks and was required to work with unsafe heavy, awkward, vibrating and torquing equipment in awkward positions while standing or kneeling on rough, uneven surfaces and locations, causing Plaintiff's back and neck to be injured and requiring medical treatment with possible future surgery to attempt to cure said injuries. These injuries initially onset in approximately February 2004 and were diagnosed subsequently thereto.

5. That at said time and place, the Defendant, CSX, was guilty of one or more of the following acts or omissions of negligence:

    a.) Failed to furnish Plaintiff with a reasonably safe place to work;

    b.) Failed to furnish Plaintiff with reasonably safe equipment with which to do his work;

    c.) Failed to, in any way, provide equipment to mitigate the effect of its equipment and operations from repetitive motion, vibration and stress;

    d.) Failed to provide sufficient safety equipment to prevent stresses from being transferred to his spine and related parts.

    g.) Failed to provide reasonably safe work methods and appliances;

    h.) Failed to provide a safe work environment which complied with its own pro-back program and with NIOSH standards based on the known studies.

    i.) Failed to provide reasonably sufficient help.

6. That as a result, in whole or in part, of the aforementioned negligence of the Defendant, CSX, the Plaintiff, Jack Franklin, has sustained occupationally connected low back and neck injuries which have caused and will continue to cause Plaintiff to sustain pain, suffering, and mental anguish.

7. The Plaintiff has also been obliged and will probably be obliged to spend large sums of money in hospital and medical expenses while endeavoring to cure said injuries. This includes medical care and treatment. Plaintiff was caused to undergo medical treatment and painful tests; Plaintiff has expended or obligated himself for necessary and reasonable medical expenses and hospital care and will in the future be caused to expend further sums; Plaintiff's ability to work, labor, and enjoy the normal pursuits of life has been impaired and lessened, all to Plaintiff's damage. Plaintiff has lost wages in excess of $300,000.00.

WHEREFORE, Plaintiff, Jack Franklin, prays that this Court enter Judgment against the Defendant, CSX, for a sum fair and reasonable under the circumstances in excess of the jurisdictional minimum of this Court, together with Plaintiff's costs herein expended.

## Count II

### Asbestosis

COMES NOW, Plaintiff Jack Franklin, by and through his undersigned counsel, Daniel R. Francis of the Francis Law Firm, L.L.C., and for his complaint against the CSX Transportation, Inc., states as follows:

1. The following claim arises under an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C., Sections 51, 49 U.S.C. 20701, and 49 U.S.C. 20302, the following will hereinafter appear.

2. The CSX Transportation, Inc. (hereinafter referred to as "CSXt") is and was a corporation and common carrier by railroad, owning, operating, and maintaining an interstate railroad system, including track facilities and business operations within Madison County, Illinois.

3. At all times material hereto, the Plaintiff was employed by the Defendant in the maintenance of way and track department and the injuries and damages sustained by the Plaintiff, as hereinafter set forth, were sustained by the Plaintiff while engaged in the course of his

employment duties, and in furtherance of interstate commerce and directly or closely and substantially effecting such commerce.

4. On May 12, 2004, Plaintiff Jack Franklin was diagnosed with asbestosis which was caused in whole or in part, while Plaintiff was working for the Defendant CSX.

5. At all times relevant hereto, the acts of emission and commission which caused the injuries to the Plaintiff as set forth below were done by the Defendant, its agents, servants and/or employees acting in the course and scope of his employment within and under the direct and exclusive control of the Defendant.

6. At all times relevant hereto, the property, equipment, materials and operations involved in the injuries sustained by the Plaintiff were owned and/or under the direct and exclusive control of the Defendant, its agents, servants and/or employees.

7. Plaintiff's injuries were caused in whole or in part by the negligence of the Defendant generally and in the following particulars:

- (a) In failing to use ordinary care to provide Plaintiff a reasonably safe place in which to work;

- (b) In failing to supply safe methods for work;

- (c) In failing to supply reasonably safe equipment;

- (d) In failing to supply reasonably sufficient help

- (e) In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which they were exposed in working with and around asbestos;

- (f) In negligently requiring and/or allowing the Plaintiff to be exposed to dangerous levels of asbestos when it knew of the risks thereof;

- (g) In negligently failing to inspect or monitor the occupational-related asbestos levels in the job duties where the Plaintiff was required to work;

- (h) In negligently failing to warn the Plaintiff of the risk of asbestos exposure injuries as a result of exposure to asbestos;

8. As a direct and proximate result of the negligence of the Defendant, as

herein above set forth, the Plaintiff has in the past experienced and endured, and may for an indefinite period of time in the future experience and endure pain, suffering, inconvenience, irritation, annoyance, have incurred or will incur medical expenses associated with diagnosis, treatment and possibly the cure of his ailments; has been placed at risk for further injury; the impairment of his earnings and earning capacity, the impairment of his general health, strength and vitality, and the loss of the ability to enjoy the various pleasures of life. Plaintiff has been diagnosed with occupationally related asbestosis.

WHEREFORE, the Plaintiff demands judgment in his favor and against Defendant CSX in a fair and reasonable amount in excess of the jurisdictional minimum of this Court.

Respectfully Submitted,

FRANCIS LAW FIRM, L.L.C.

By: _____
Daniel R. Francis, No. 6203035
6654 Chippewa
St. Louis, Missouri 63109
(314) 752-3600

Attorney for Plaintiff Jack Franklin